UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

URSULA SCHANNE and GERALD H. MOORE,

    Plaintiffs,

    v.

NATIONSTAR MORTGAGE, LLC,

    Defendant.

CASE NO. C10-5753BHS

ORDER GRANTING NATIONSTAR'S MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION TO ENJOIN SALE

This matter comes before the Court on Defendant Nationstar Mortgage, LLC's ("Nationstar") motion for judgment on the pleadings (Dkt. 26) and Plaintiffs Ursula Schanne and Gerald H. Moore's ("Plaintiffs") motion to enjoin the trustee's sale (Dkt. 23). The Court has reviewed the briefs filed in support of and in opposition to the motions and the remainder of the file and hereby grants Nationstar's motion and denies Plaintiffs' motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 14, 2010, Plaintiffs filed a complaint against Nationstar alleging numerous violations of federal and state law. Dkt. 1. On October 15, 2010, Plaintiffs filed a motion for temporary relief to enjoin the trustee's sale of their home. Dkt. 2. The Court denied the motion. Dkt. 3.

On December 8, 2010, Plaintiffs filed a Chapter 7 Bankruptcy case. On March 17, 2010, the Bankruptcy Court granted their discharge. Dkt. 14, Exh. A.

ORDER - 1

On August 18, 2011, Plaintiffs filed a second motion to enjoin the trustee's sale. Dkt. 23. On September 12, 2011, Nationstar responded. Dkt. 28. On September 14, 2011, Plaintiffs replied. Dkt. 31.

On August 26, 2011, Nationstar filed a motion for judgment on the pleadings. Dkt. 26. On September 16, 2011, Plaintiffs responded. Dkt. 34. On September 23, 2011, Nationstar replied. Dkt. 35.

## II. FACTUAL BACKGROUND

Plaintiffs are the record owners of real property commonly known as 16503 Reichel Rd. SE, Rainier, WA 98576 ("Property"). Dkt. 1 at 1. On or about May 3, 2007, they borrowed $322,050, pursuant to a promissory note ("Note") secured by a Deed of Trust against the Property dated May 3, 2007 and recorded on May 4, 2007 with the official records of Thurston County as instrument number 3924234 ("Deed of Trust"). Dkt. 26–2, Declaration of Christine Odom ("Odom Dec."), Exhs. A (Note) & B (Deed of Trust). Under the terms of the Deed of Trust, Mortgage Electronic Registration Systems, Inc. ("MERS"), is the beneficiary acting solely as nominee for the lender with the right to exercise any and all rights of the lender, including, without limitation, the right to foreclose and sell the Property. *See* Deed of Trust at 2-3.

On October 8, 2009, Nationstar acquired servicing rights to the loan. On July 22, 2010 Nationstar appointed Quality Loan Service Corporation of Washington ("Quality") as the successor trustee. Odom Decl., Exh. C. Nationstar claims that it commenced non-judicial foreclosure proceedings after Plaintiffs defaulted on their loan payments. Dkt. 26 at 2. Plaintiffs then filed the instant complaint and a Chapter 7 bankruptcy action. *Id*. The bankruptcy case has now been closed and the borrowers received their discharge. Dkt. 14, Exh. A. Nationstar claims that it has not restarted a foreclosure proceeding on the Property. Dkt. 26 at 2.

ORDER - 2

## III.  DISCUSSION

In this case, Nationstar's Rule 12(c) motion for judgment on the pleadings is based on the argument that Plaintiffs have failed to state a claim upon which relief may be granted.  Therefore, the Court must apply the Rule 12(b)(6) standard to Plaintiffs' complaint.  *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

**A.  Standard**

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 1965.  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.

**B.  Nationstar's Motion**

In this case, Plaintiffs' pro se complaint provides a history of not only their loan but also a history of the lending industry in general.  Dkt. 1 at 1-8.  Plaintiffs then proceed to make a "statement of claim" that asserts various inconsistent allegations and concludes with a request that the Court quiet title to Plaintiffs' property.  *Id*. at 8-19.  Notably, Plaintiffs assert that Nationstar lacks standing to foreclose because Nationstar has failed

to produce the original contract between the parties. *Id*. at 8-9. Plaintiffs explicitly assert causes of action as follows: (1) Breach of Fiduciary Duty; (2) Negligence and Negligence Per se; (3) Common Law Fraud; (4) Breach of Implied Covenant of Good Faith and Fair Dealing; (5) Truth In Lending Act ("TILA") Violation, 15 U.S.C. § 1601 *et seq*.; and, (6) Intentional Infliction of Emotional Distress. Dkt. 1 at 19-23. Reading the complaint liberally, the Court finds that Plaintiffs are also attempting to assert claims for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq*., the Home Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, *as amended*, and the Deceptive Practices Act ("DPA"), 15 U.S.C. § 45, *et seq*. *Id*. at 12, 14, & 20.

### 1. Standing

Plaintiffs have asserted the basic "show me the note" argument that has been consistently dismissed by this Court. *See Freeston v. Bishop, White & Marshall, P.S.*, 2010 WL 1186276 (W.D. Wash. 2010).[1] Plaintiffs claim that Nationstar has no right to foreclose unless Nationstar can produce the original contract that was signed by Plaintiffs. Dkt. 1 at 8. Plaintiffs' argument is without merit and is not based on a cognizable legal theory. Therefore, the Court grants Nationstar's motion to dismiss this claim.

In their response brief, Plaintiffs also argue that Nationstar lacks standing because MERS was an improper beneficiary under Washington's Deed of Trust Act ("DTA"), RCW Chapter 61.24. Dkt. 34 at 8-10. This cause of action fails for at least two reasons: (1) Plaintiffs agreed to MERS being the beneficiary (*see* Deed of Trust) and (2) Plaintiffs have failed to show that they have a private right of action even if MERS is declared an improper beneficiary. In other words, Plaintiffs have failed to show that this is a cognizable legal theory providing them any relief beyond possibly delaying a foreclosure on the Property that is in default. Therefore, the Court denies Plaintiffs' leave to assert

---

[1] The Court's ruling was affirmed in a Ninth Circuit memorandum opinion (Case No. 09–5560BHS, Dkts. 91, 93).

ORDER - 4

this claim against Nationstar and denies Plaintiffs' request to stay this case pending disposition of issues that have been certified to the Washington Supreme Court (*see* Dkt. 34 at 8-9).

**2.    Breach of Fiduciary Duty**

The general rule in Washington is that a lender (and its successors, assigns, or designated loan servicer) are not fiduciaries of its borrowers. *Miller v. U.S. Bank of Wash.*, 72 Wn. App. 416, 426 (1994). Rather, a special relationship must develop between the parties before a fiduciary duty exists. *Id.* at 427. Where the parties deal with each other at arm's length, such as a borrower-lender relationship, no fiduciary duty arises. *Interstate Production Credit Assoc. v. MacHugh*, 61 Wn. App. 403, 411 (1991).

In this case, Nationstar is the assignee of the original lender. Plaintiffs have failed to establish that any fiduciary relationship exists between them and Nationstar. Therefore, the Court grants Nationstar's motion on Plaintiffs' claim for breach of fiduciary duty because Plaintiffs have failed to state a cognizable legal theory.

**3.    Negligence**

To establish the elements of an action for negligence, a plaintiff must show "(1) the existence of a duty owed, (2) breach of that duty, (3) a resulting injury, and (4) a proximate cause between the breach and the injury." *Iwai v. State*, 129 Wn.2d 84, 96 (1996). The elements of negligent misrepresentation are (1) a false statement or omission of a material fact (2) made to induce a business transaction (3) upon which the other party justifiably relies. *Amtruck Factors v. Int'l Forest Prods.,* 59 Wn. App. 8 (1990).

In this case, Plaintiffs have failed to establish that Nationstar owed Plaintiffs any duty or that Nationstar breached any duty owed. Moreover, Plaintiffs have failed to establish that Nationstar made any statement to Plaintiffs to induce a business transaction. Therefore, the Court grants Nationstar's motion on Plaintiffs' claim for negligence because Plaintiffs have failed to state a cognizable legal theory.

### 4. Fraud

Under Fed. R. Civ. P. 9(b), Plaintiffs must plead fraud with particularity, providing the "who, what, when, where, and how" of the purported fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted). In Washington, fraud requires a false statement that plaintiffs relied upon. *Stiley v. Block*, 130 Wn.2d 486, 505 (1996).

In this case, Plaintiffs have failed to establish that they relied upon any statement made by Nationstar to their detriment. Therefore, the Court grants Nationstar's motion on Plaintiffs' claim for fraud because Plaintiffs have failed to state a cognizable legal theory.

### 5. Breach of Implied Covenant of Good Faith and Fair Dealing

In Washington, the duty of good faith and fair dealing exists only "in relation to performance of a specific contract term." *Keystone Land & Development Co. v. Xerox Corp.*, 152 Wn.2d 171, 177 (2004) (citing *Badgett v. Security State Bank*, 116 Wn.2d 563, 570 (1991)).

In this case, Plaintiffs have failed to establish that Nationstar has breached any provision of the contract between the parties in foreclosing on the defaulted loan. Therefore, the Court grants Nationstar's motion on Plaintiffs' claim for breach of good faith and fair dealing because Plaintiffs have failed to state a cognizable legal theory.

### 6. TILA

Any claim for damages under TILA must be brought within one year of the date of the violation. 15 U.S.C. § 1640(e); *King v. State of California*, 784 F.2d 910, 916–17 (9th Cir. 1986). Courts lack subject matter jurisdiction to hear claims brought outside the limitations period. *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002). The date of the violation is the date a borrower signs loan documents. *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003).

In this case, Plaintiffs signed their loan documents in 2007 and filed the complaint in 2010. This is well beyond the applicable statute of limitations. Plaintiffs, however, argue that their claims should be subject to equitable tolling. Dkt. 1 at 14-15. Plaintiffs have failed to submit any plausible argument to explain the delay in bringing their claims. Even if Plaintiffs could provide some reason for their delay, their TILA claims are nothing more than mere labels and conclusions and fail to state any cognizable claim for relief. Therefore, the Court grants Nationstar's motion on Plaintiffs' TILA claims.

**7.     RESPA**

Similar to TILA, the majority of RESPA violations must be brought within one year of consummation of the transaction. *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 358–60 (5th Cir. 2003); 12 U.S.C. § 2614.

In this case, Plaintiffs' claims are time-barred and are not subject to equitable tolling. Therefore, the Court grants Nationstar's motion on Plaintiffs' RESPA claims.

**8.     HOEPA**

In the complaint, Plaintiffs make one reference to HOEPA without any allegation to support any possible cause of action. Dkt. 1 at 20. This reference is even less than mere labels and conclusions and fails to state a cognizable claim. Therefore, the Court grants Nationstar's motion on Plaintiffs' HOEPA claim.

**9.     Intentional Infliction of Emotional Distress**

In Washington, the elements of a cause of action for emotional distress are as follows: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115, 1128 (W.D. Wash. 2010) (citing *Kloepfel v. Bokor*, 149 Wn.2d 192, 194 (2003)).

> The question of whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it is initially for the court to determine if

ORDER - 7

reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability.

*Vawter*, 707 F. Supp. 2d at 1128 (citing *Dicomes v. State*, 782 P.2d 1002, 1013 (Wash. 1989)).

In this case, Plaintiffs fail to identify any conduct committed by Nationstar that is sufficiently outrageous. Nationstar has appointed a trustee and proceeded with foreclosing on a mortgage that is in default. This conduct is not extreme or outrageous. Therefore, the Court grants Nationstar's motion on Plaintiffs' intentional infliction of emotional distress claim.

**10. Conspiracy**

A civil conspiracy involves "a combination of two or more persons to commit a criminal or unlawful act, or to commit a lawful act by criminal or unlawful means." *Harrington v. Richeson*, 40 Wn.2d 557, 573 (1952). Although a conspiracy can be shown by circumstantial evidence, the evidence "must be inconsistent with a lawful or honest purpose and reasonably consistent only with [the] existence of the conspiracy." *Corbit v. J. I. Case Co.*, 70 Wn.2d 522, 529 (1967).

In this case, Plaintiffs have failed to identify any act that is inconsistent with a lawful or honest purpose. Again, Nationstar is proceeding with the foreclosure of a defaulted mortgage and Plaintiffs have failed to allege any act by Nationstar outside of that lawful purpose. Therefore, the Court grants Nationstar's motion on Plaintiffs' conspiracy claim.

**11. DPA**

In the complaint, Plaintiffs mention the DPA without providing any allegation supporting a violation under this act. Dkt. 1 at 14. This is less than mere labels and conclusions and does not state a cognizable legal theory. Therefore, the Court grants Nationstar's motion on Plaintiffs' DPA claim.

ORDER - 8

### 12. Quiet Title

In Washington, quiet title actions are "designed to resolve competing claims of ownership . . . [or] the right to possession of real property." *Kobza v. Tripp*, 105 Wn. App. 90, 95 (2001). The Washington statute governing quiet title actions recognizes that deeds of trust and mortgages create only secured liens on real property, and do not convey any ownership interest or right to possession of the subject property. *See* RCW 7.28.230(1).

In this case, Plaintiffs have failed to establish that there are competing claims to ownership of the Property. Therefore, the Court grants Nationstar's motion on Plaintiffs' claim for quiet title.

## C. Relief Requested

Nationstar requests that the Court dismiss Plaintiffs' claims with prejudice and enter judgment in their favor. Dkt. 26 at 14. On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–196 (9th Cir. 1988).

In this case, Plaintiffs' complaint suffers from numerous deficiencies and it does not appear that any additional allegation can cure the deficiencies. Even if a cure was possible, Plaintiffs failed to disclose these claims in their bankruptcy proceeding and are now judicially estopped from asserting their claims for damages. *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 785 (9th Cir. 2001). If Plaintiffs determine that some aspect of the non-judicial foreclosure procedure is improper, the DTA provides Plaintiffs the opportunity to challenge that procedure in state court. *See* RCW 61.24.130.

Plaintiffs, however, have failed to state a cognizable legal claim for damages. Therefore, the Court grants Nationstar's motion to dismiss without granting Plaintiffs leave to amend the complaint.

**D.      Plaintiffs' Motion**

Plaintiffs move to restrain the foreclosure sale of their Property even though Nationstar has not initiated new foreclosure proceedings subsequent to Plaintiffs' bankruptcy action. Plaintiffs' motion is without merit because there is no current sale to enjoin. Therefore, the Court denies the motion.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Nationstar's motion for judgment on the pleadings (Dkt. 26) is **GRANTED** and Plaintiffs' motion to enjoin the trustee's sale (Dkt. 23) is **DENIED**. The Clerk is directed to enter judgment for Nationstar.

DATED this 27th day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge